## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNECT AMERICA HOLDINGS, | : | |
| LLC, CONNECTAMERICA.COM, LLC, | : | |
| and KENNETH GROSS, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 14-4784-TJS |
| | : | |
| v. | : | |
| | : | |
| ARCH INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

## MEMORANDUM IN SUPPORT OF DEFENDANT ARCH INSURANCE COMPANY'S MOTION TO EXCLUDE THE OPINIONS OF BERNDE G. HEINZE PURSUANT TO *DAUBERT V. MERRELL DOW*

---

### INTRODUCTION

In this insurance coverage dispute, Plaintiffs have retained Bernd G. Heinze to provide expert testimony on the reasonableness of Arch's handling of Plaintiffs demand for coverage under the Directors & Officer's Liability Coverage Part of Arch's Corporate Canopy Policy No. PCD0042010-02, issued to Connect America Holdings for the policy period of December 24, 2012 to December 24, 2013 (the "Policy"). Mr. Heinze's testimony should be precluded for two separate reasons.

First, the issue on which Mr. Heinze has opined – whether Arch unreasonably denied coverage without any reasonable basis to do so (*i.e.,* committed bad faith) – is not presently before the Court.  Indeed, at the Parties' Rule 16 Conference held on September 23, 2014, the Court stated that it would bifurcate this case, with questions of coverage to be heard in Phase

One followed, if necessary, with a determination of Plaintiffs' bad faith allegations in Phase Two. The Court's bifurcation decision is further reflected in the Scheduling Order of that same date, which declared that discovery in Phase One specifically excluded bad faith issues.[1] (Ex. "A").

Second, while Mr. Heinze is a professional expert witness with a lengthy biography in the insurance marketplace, he admittedly has no experience in trademark law and out of 48 cases listed in his Rule 26(a)(2)(B) disclosure, only *one* related to a D&O insurance coverage dispute. His lack of experience in the type of policy at issue and the substantive law underlying the dispute impacting that policy renders any opinion concerning coverage speculative and offers no specialized knowledge to assist the trier of fact. As a result, and for the reasons that follow, Mr. Heinze's report and testimony should be stricken from the coverage phase of this case. [2]

## STANDARDS FOR EXPERT TESTIMONY

"An expert witness may be permitted to testify regarding 'scientific, technical, or other specialized knowledge' if it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'" *United States v. Mornan*, 413 F.3d 372, 380 (3d Cir. 2005) (quoting FED. R. EVID. 702). "In order to qualify as expert testimony under the Federal Rules, the following three requirements must be satisfied: (1) the testimony must be 'based upon sufficient facts or data'; (2) the testimony must be 'the product of reliable principles and methods'; and (3) the witness must have 'applied the principles and methods reliably to the facts of the case.'" *Id.*

---

[1]   The Court's September 23, 2014 Order is attached as Exhibit "A."

[2]   To be clear, Mr. Heinze's opinions on alleged bad faith additionally fail under *Daubert* given his lack of experience in the trademark law and D&O Coverage issues implicated in this case, as evidenced by the only objective reflection of that experience – his Rule 26 disclosures. Arch reserves its right to challenge Mr. Heinze's opinions during Phase Two of this litigation, if the need ever in fact arises.

As this Court has held, "[t]he current version of Rule 702 'embodies a trilogy of restrictions on expert testimony:  qualification, reliability and fit.'" *Leake v. United States*, 843 F. Supp. 2d 554, 557 (E.D. Pa. 2011) (quoting *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003)).  As a result, "[i]n evaluating whether an expert opinion is admissible, the district court acts as a gatekeeper, excluding opinion testimony that does not meet these requirements." *Id.*

    "An expert's testimony must . . . 'fit' the facts of the case." *Pennsylvania Trust Co. v. Dorel Juvenile Group, Inc.*, 2011 WL 3740472, at *2 (E.D. Pa. Aug. 25, 2011) (citing *In re Paoli R.R. Yard PCB Litig.* 35 F.3d 717, 742-43 (3d Cir. 1994)).  "When an expert offers his opinion based on experience, he must apply his experience reliably to the facts." *Id.* (citation and quotation omitted).  Such expert testimony must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Facciponte v. Briggs & Stratton Corp.*, 2011 WL 4916376, at *4 (M.D. Pa. Oct. 17, 2011) (quoting *Daubert*, 509 U.S. at 591 (internal quotation omitted)). "If a party believes that an expert opinion has not considered all of the relevant facts, an objection to its admission is appropriate.  Even a theory that might meet certain *Daubert* factors, such as peer review and publication, testing, known or potential error rate, and general acceptance, should not be admitted if it does not apply to the specific facts of the case." *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056 (8th Cir. 2000) (citations omitted). The party asserting the admissibility of the proffered testimony has the burden of demonstrating by a preponderance of the evidence that the opinions are based on "good grounds." *Kannankeril v. Terminix Intern., Inc.,* 128 F.3d 802, 807 (3d Cir. 1997).

<u>**ARGUMENT**</u>

I.  **MR. HEINZE'S OPINIONS DO NOT "FIT" THE CASE BECAUSE THEY ARE PREMATURE AND NOT RELEVANT TO THE ISSUE OF THE AVAILABILITY OF COVERAGE.**

In his report, Mr. Heinze summaries his opinions submitted on behalf of Plaintiffs as follows:

> The actions and conduct of Arch during the relevant and material times set forth within the Complaint were not in compliance and outside the standard of care, duties, responsibilities and covenants within the insurance contract.
>
> The actions and conduct of Arch were not within the generally accepted standards, customs, usages and claim practices of the insurance industry under the circumstances presented, and violated the relevant statutes and laws of Pennsylvania.

*See* Heinze Report p. 3.[3]

At his deposition, Mr. Heinze admitted that these opinions concerned whether Arch committed common law or statutory bad faith under Pennsylvania law. *See* Heinze deposition at pp. 80:3-81:14 ("Q. So in this opinion, it's about whether or not the actions of Arch may have violated the common law bad faith standard? A. Correct"); pp. 82:6-83:2 ("Q. [I]s a summary of this opinion that in your opinion, Arch violated Section 8371 of the Pennsylvania bad faith statute? A. With respect, yes, sir").[4] Mr. Heinze further testified that the remainder of his report and statements therein are merely (in his view) the evidence or bases supporting his conclusions that Arch somehow violated the standard of care and allegedly committed bad faith. *See id.* at pp. 90:15-92:8.

---

[3] Mr. Heinze report is attached hereto as Exhibit "B."

[4] Mr. Heinze's deposition transcript is attached hereto as Exhibit "C."

Arch, obviously, disagrees with the conclusions of Mr. Heinze.  And, if the bad faith issues are ever before the Court for adjudication (should the case make it beyond the coverage phase, which it should not since coverage does not exist), Arch will present its own opinions and evidence as to why its claims handing fell well within the standard of care.  However, those issues are not currently before the Court.

In its September 23, 2014 Scheduling Conference with the parties, and the initial Scheduling Order that issued thereafter, the Court made abundantly clear that it would decide issues of coverage first – and permit discovery on coverage issues only – and then, once coverage was decided on motions or after trial, permit the parties discovery on any purported issues of bad faith.  *See* Scheduling Order #1 at ¶ 2.  By his own admission, and by the plain language of his report, Mr. Heinze's opinions relate solely to whether Arch violated the standard of care in its handling of Plaintiffs' insurance claim.  These opinions do not assist on any issue of coverage, are not relevant to this phase of this bifurcated litigation, and, if admitted, would unduly prejudice Arch who, in compliance with the Court's Order, did not pursue fact or expert discovery on bad faith issues to date. Mr. Heinze's opinions and report should therefore be precluded.

## II.   MR. HEINZE LACKS THE QUALIFICATIONS TO RELIABLY OPINE ON THE D&O COVERAGE DISPUTE BEFORE THE COURT

Setting aside for a moment that his opinions focus on questions of bad faith, which are not yet before the Court, Mr. Heinze also lacks the experience and qualifications to offer reliable expert opinion on the issues of trademark law or D&O coverage currently before the Court. Indeed, while his resume and disclosures set forth a long list of expert retentions, Mr. Heinze has

admitted that he does not have experience in trademark litigation. *See* Heinze Dep. at pp. 36:16-19. And while he testified that he had experience in coverage disputes involving Lanham Act claims, none of the 48 cases identified on his expert disclosures involves such disputes.

Additionally, of the 48 testifying expert retentions disclosed by Mr. Heinze over the past 13 years, only a single one involved an opinion concerning a D&O coverage dispute. *See id.* at pp. 42:24-43:8, 48:1-9. Mr. Heinze's expert experience, by his own admission, rests instead with general liability policies and bad faith disputes involving general liability policies – neither of which is at issue in this case. *See id.* at pp. 74:20-75:6 (noting the vast majority of his expert work involved general liability and bad faith testimony concerning general liability policies). Mr. Heinze's Rule 26 disclosures, CV, and deposition testimony confirm that he has very little – if any – real experience with D&O policies or trademark claims made under such policies. Even under the "liberal minimum test" where qualifications are broadly construed, (*see Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 809 (3d Cir.1997), an expert's mere conclusory statements regarding experience and background are deemed insufficient and fail in the absence of objective indicia of such experience under Rule 702, rendering the expert's testimony unreliable. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 742-43 (3d Cir. 2000) (noting that even liberal qualification standard has limits and holding district court erred in not having hearing to test experts qualifications and opinions).

The test for reliability is an "exacting" one, and Mr. Heinze must be held to the intellectual rigor of his field. Fed. R. Evid. 702; *Paoli*, 35 F.3d at 745; *Total Containment, Inc. v. Dayco Products, Inc.*, CIV. A. 1997-CV-6013, 2001 WL 1167506 (E.D. Pa. Sept. 6, 2001); *Elcock*, 233 F.3d at 755. At a minimum, Arch should be entitled to a *Daubert* hearing so that the

Court can better exercise its role as a gatekeeper with respect to the reliability of Mr. Heinze's testimony,  *See Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 418 (3d Cir. 1999) (noting a district court has discretion in whether to hold a *Daubert* hearing, but holding the court abused its discretion in not holding a *Daubert* hearing when factual issues impacted admissibility).

Thus, while Mr. Heinze's CV is arguably impressive, his lack of experience on the issues before the Court – trademark litigation and D&O Coverage – does not reliably assist the trier of fact.  Consequently, and respectfully, his opinion should be excluded.

<u>**CONCLUSION**</u>

For the foregoing reasons, Mr. Heinze's opinions are not relevant, qualified or reliable and should be excluded pursuant to *Daubert v. Merrell Dow,* 509 U.S. 579 (1993).

Dated:  May 1, 2015                                    Respectfully submitted,

/s Ronald P. Schiller
Ronald P. Schiller
Daniel J. Layden
Matthew N. Klebanoff
One Logan Square, 27th Floor
Philadelphia, Pennsylvania 19103
(215) 568-6200
(215) 528-0300 facsimile
rschiller@hangley.com
dlayden@hangley.com
mklebanoff@hangley.com

*Attorneys for Defendant*
*Arch Insurance Company*